IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DAVID SIMON, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | Docket No. 3:10-CV-01082 |
| v. | ) | Judge Campbell/Bryant |
| | ) | |
| ERNEST TUBB RECORD SHOPS, INC., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff | ) | |

**THIRD CASE MANAGEMENT ORDER**

Pursuant to the Court order dated February 6, 2012, the parties propose the following Third Case Management Plan:

1. **Jurisdiction:** This Court has jurisdiction of this case pursuant to 28 U.S.C. §1331. The parties do not dispute this Court's jurisdiction in this matter.

2. **Service of Process:** Defendant and Counter-Defendant in this matter have been served.

3. **Responsive Pleadings:** Defendant filed its Answer and Counterclaim on November 19, 2010. Plaintiff filed his Answer to the Counterclaim on November 21, 2010.

4. **Plaintiff's Theory of the Case:** Plaintiff began his employment with the Defendant in 1998 as a clerk. Based upon a good job performance, Plaintiff was promoted to Financial Manager and then later to General Manager. During the course of Plaintiff's employment, a female applied for a position with the Defendant. After this individual called to see if her application was received she was told by the store manager,

Larry Mayhew, that "we are not hiring any women." The policy of the owner, David McCormick, was to have, at all times, a male and female present at the business.

After becoming aware of the Defendant's policy, this female job applicant filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) based upon sex discrimination. Mediation in this potential lawsuit was to be held at the EEOC on August 18, 2010.

Previously, on June 10, 2010, Plaintiff had accompanied David McCormick to his attorney's office for a conference regarding the aforementioned female's discrimination charge. During the conversation between Plaintiff, David McCormick and the attorney, Plaintiff spoke up and said "if it is revealed that the policy of this Company is to have a man on duty at all times, this could be bad for the case." Further, "Since it is your policy, (referring to owner, David McCormick) we could lose this case and get into trouble." The Defendant's attorney agreed stating that they could be liable from anywhere to $50,000 to $200,000 or more. Shortly after this meeting, Plaintiff was notified by Mr. McCormick that he should fire the store manager, Larry Mayhew. Plaintiff complied with this directive and fired Mr. Mayhew.

Plaintiff then went on vacation and when he returned he received an e-mail stating that he should meet with the Defendant's accountant. At this meeting, Mr. McCormick advised Plaintiff that "it is time for us to part company." Plaintiff, not wanting to lose his job and become unemployed, asked if he could step down to the position of Financial Manager due to the fact that when he was in this position previously he had helped place the Company in its best financial condition ever. However, Mr. McCormick still

terminated the Plaintiff's employment without ever giving any articulated reason for such action.

Plaintiff would aver that the reason for his termination was the fact that he knew of the Defendant's policy with respect to not hiring women and the fact that he made the statements during the aforementioned meeting that "if it is revealed that the policy of this Company is to have a man on duty at all times, this could be bad for the case." Further, "Since it is your policy, (referring to owner, David McCormick) we could lose this case and get into trouble", referring to the policy. McCormick, his attorney, Larry Mayhew and Plaintiff are the only ones that are aware of this policy.

Based upon the above facts, it is Plaintiff's contention that he was fired in retaliation for refusing to remain silent about the Defendant's illegal policy with respect to hiring women. The illegal policy condoned by the Defendant was a direct violation of the Tennessee Human Rights Act, T.C.A. 4-21-101 *et seq* and Title VII of the Civil Rights Act, 42 U.S.C. 2000e et seq. Further, Plaintiff would submit that his termination was pretextual in that he had always been a good employee, had no disciplinary problems and had an excellent work record in that he had been promoted from a clerk to a General Manager.

The actions of the Defendant in retaliating against the Plaintiff were malicious, intentional and in reckless disregard of Plaintiff's rights under the law.

5. **Defendant's Theory of the Case:** Plaintiff claims that he was terminated for refusing to remain silent about Defendant's alleged policy of having a man on duty at all times. His purported protected conduct consists of Plaintiff expressing a concern that the company could have liability as a result of this alleged policy. Plaintiff admits, however,

that he expressed his opinion only to the owner of the Company in the presence of the attorney for the Company. While Defendant denies having such a policy, even if it did, a discussion of potential liability with counsel is not protected activity.

In the Complaint, Plaintiff revealed information that is protected by the attorney-client privilege. Plaintiff was a manager of the Company. He was bound by principles of agency to keep any and all conversations with the Company's attorney confidential. The Company does not dispute that the conversation with the attorney occurred though it chooses not to divulge the contents of the conversation so as to avoid further damage associated with disclosure of the privileged conversation. Defendant submits that it never waived the privilege attached to such conversation. By revealing the privileged information, Plaintiff seeks to injure Defendant by weakening its position in pending litigation.

6. **Identification of the Issues:** The issues and facts in this case are in dispute at this time.

7. **Other claims:** At this time, the parties are not aware of the need for any additional counterclaims, cross-claims, third-party claims, or joinder of parties or claims. Should the parties become aware of the need for such pleadings, then they will inform the other of the same.

8. **Witnesses:** Plaintiff and David McCormick will likely be witnesses in this case. At this time, the parties have not identified additional witnesses but recognize their duty of supplementation as witnesses become known.

9. **Amendment of Pleadings:** Any amendment to pleadings must be filed not later than **February 15, 2011.**

10. **Initial Disclosures and Staging of Discovery:**

    (a) Initial Disclosures – Rule 26(a)(1) Initial Disclosures shall be exchanged by **February 28, 2011.**

    (b) Written Discovery – All written discovery shall be completed by **June 30, 2011.**

    (c) Depositions – Depositions of fact witnesses shall be completed by **November 1, 2012.** Depositions of expert witnesses shall be completed by **December 1, 2012.**

    (d) Disclosure of Experts – Plaintiff shall make his mandatory Rule 26(a)(2) disclosures by **October 1, 2012**. Defendant shall make its mandatory Rule 26(a)(2) disclosures by **November 1, 2012**.

    (e) Dispositive Motions Stay – Discovery is not stayed while dispositive motions are pending, unless ordered by the Court.

    (f) Protective Orders – A protective order will be required as the parties anticipate that privileged information and information from non-parties' personnel files will be exchanged during discovery.

11. **Dispositive Motions:** All dispositive motions are to be filed with this Court by **September 25, 2012**. Responses shall be filed with the Court by **October 25, 2012**. Optional replies shall be filed with the Court by **November 1, 2012**. If dispositive motions are filed early, then the response shall be due 28 days after the date the motion is filed, and the reply shall be due 14 days after the date the response is filed. The motion and response memoranda are limited to 25 pages, and the reply, if a reply is filed, is limited to five pages, absent Court permission for longer pleadings.

12.     **Subsequent Case Management Conference:**  A subsequent telephonic case management conference shall be scheduled at the request of a party of by the Magistrate Judge as needed.

13.     **Alternative Dispute Resolution:**  At this time, the parties do not believe alternative dispute resolution is appropriate.  The parties will discuss the possibility of a settlement conference and request any such conference in **September 2012**.

14.     **Target Trial Date:**  This case will be a jury trial with an estimated length of three (3) days.  The trial has been set for **February 5, 2013**.


It is so **ORDERED:**


   *s/ John S. Bryant*
**JOHN S. BRYANT**
United States Magistrate Judge


APPROVED FOR ENTRY:

s/James L. Harris
Attorney for the Plaintiff

/s/Leslie Goff Sanders
Attorney for the Defendant

6