IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID SIMON )
)
v. ) NO. 3-10-1082
) JUDGE CAMPBELL
ERNEST TUBB RECORD SHOP, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 41). For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part. Plaintiff's claims for common law retaliatory discharge and violations of the Tennessee Public Protection Act are DISMISSED.

FACTS

Plaintiff's Amended Complaint (Docket No. 32) alleges that Plaintiff is a former employee of Defendant Ernest Tubb Record Shop, Inc. Plaintiff asserts that he was hired in 1998 as a clerk, then promoted to Financial Manager, and later promoted to General Manager of Defendant's business.

Plaintiff contends that, during his employment with Defendant, a female applied for a job with Defendant and was told by the Store Manager, Mr. Mayhew, that Defendant was not hiring any women. Plaintiff alleges that the policy of Defendant's owner, Mr. McCormick, was to have, at all times, a male and a female present at the business.

Plaintiff's Amended Complaint alleges that this female applicant filed a charge of sex discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff claims that, following the woman's EEOC charge, Plaintiff accompanied McCormick to the office of Defendant's attorney for a conference regarding the EEOC complaint. Plaintiff claims that, during

that discussion with the attorney and McCormick, Plaintiff stated, among other things, that if it was revealed that the policy of this company is to have a man on duty at all times, it could be bad for the case. Plaintiff avers that he also told McCormick that since it was his policy, Defendant could lose the case and get into trouble. Plaintiff admits that he also said, "Your policy is going to cost the company a lot of money." Docket No. 47, ¶ 8.

Plaintiff asserts that shortly after this meeting with the attorney, McCormick instructed Plaintiff to fire Mayhew, the Store Manager. Plaintiff also contends that, about a month after the meeting, McCormick told Plaintiff, "It is time for us to part company." Plaintiff claims that he asked if he could step down to the position of Financial Manager instead of being fired, and McCormick said no. Plaintiff argues that McCormick gave no reason for the termination.

Plaintiff alleges he was fired for refusing to remain silent about Defendant's illegal policy with respect to hiring women. He asserts claims for retaliatory discharge under Tennessee common law, Title VII (42 U.S.C. § 2000e, *et seq.*) and the Tennessee Public Protection Act ("TPPA").

Defendant has moved for summary judgment, arguing that Plaintiff cannot establish a *prima facie* case of retaliatory discharge under any theory because he did not engage in any protected activity when he spoke with McCormick and Defendant's attorney. Defendant also argues that Plaintiff cannot prove causation.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and

2

identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## RETALIATORY DISCHARGE - TENNESSEE LAW

To prevail on a claim of common law retaliatory discharge, Plaintiff must prove that (1) an at-will employment relationship existed between himself and the Defendant; (2) he was discharged; (3) he was discharged for attempting to exercise a statutory or constitutional right or for any other reason that violates a clear public policy; and (4) such action was a substantial factor in Defendant's decision to discharge him. *Lawson v. Adams*, 338 S.W.3d 486, 493 (Tenn. Ct. App. 2010).

Tennessee law provides that no employee shall be discharged solely for refusing to participate in or to remain silent about illegal activities. Tenn. Code Ann. § 50-1-304(b). To prevail under the TPPA, commonly known as the "Whistleblower Act," Plaintiff must show that (1) he was

an employee; (2) he refused to participate in or to remain silent about illegal activities; (3) he was terminated by Defendant; and (4) there is an exclusive causal relationship between his refusal to participate in or remain silent about illegal activities and his termination. *Riddle v. First Tenn. Bank*, 2011 WL 4348298 at *11 (M.D. Tenn. Sept. 16, 2011). Therefore, the primary difference between the common law and statutory claims is that, to benefit from the statutory protection, an employee must demonstrate that his refusal was the *sole* reason for his discharge. *Lawson*, 338 S.W.3d at 493.

Persons asserting either a common law or a statutory whistleblowing claim must prove more than that their employer violated a law or regulation. *Lawson*, 338 S.W.3d at 493. They must prove that their efforts to bring to light an illegal practice furthered an important public policy interest. *Gossett v. Tractor Supply Co., Inc.*, 320 S.W.3d 777, 788 (Tenn. 2010). Given the holding below, the Court need not decide whether the alleged illegal policy was, in fact, illegal and against public policy.

To show that persons were discriminated against for refusing to be silent about illegal activities, plaintiffs must also show that they made a report to some entity other than the person or persons who are engaging in the allegedly illegal activities. *Smith v. C.R. Bard, Inc.*, 730 F.Supp.2d 783, 797 (M.D. Tenn. 2010). While the employee need not report suspected illegal activities directly to law or regulatory enforcement officials, he must make a report to some entity other than the person who is engaging in the allegedly illegal activities. *Riddle,* 2011 WL 4348298 at * 7; *Lawson*, 338 S.W.3d at 493.

The factual allegations herein indicate that Plaintiff reported the illegal activities to his boss, McCormick, who allegedly had the illegal policy, and to Defendant's attorney, who functioned as Defendant's agent. Defendant's attorney was not a separate entity for purposes of this meeting. *See*

4

*Drake v. Bio-Medical Applications of Tenn., Inc.*, 2012 WL 1023016 at * 7 (March 26, 2012). Thus, for purposes of the common law retaliatory discharge and the "whistleblower" statute, Plaintiff has not shown that he reported the alleged illegalities to someone other than the owner of the business and its attorney. The common law retaliatory discharge and TPPA claims must be dismissed.

## RETALIATORY DISCHARGE - TITLE VII

To establish a retaliatory discharge under Title VII, Plaintiff must show that (1) he engaged in activity that Title VII protects; (2) Defendant knew that he engaged in this protected activity; (3) Defendant took an adverse employment action against him; and (4) a causal connection existed between the protected activity and the adverse employment action. *Ellsworth v. Pot Luck Enterprises, Inc.*, 624 F.Supp.2d 868, 881 (M.D. Tenn. 2009).

The anti-retaliation provision of Title VII has two parts. The first makes it an unlawful employment practice for an employer to discriminate against an employee because the employee has opposed a practice made unlawful by Title VII. The second makes it an unlawful employment practice for an employer to discriminate against an employee because the employee has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title VII. *Crawford v. Metropolitan Gov't of Nashville/Davidson County*, 129 S.Ct. 846, 850 (2009).

The Court finds that there are genuine issues of material fact as to whether Plaintiff engaged in activity which Title VII protects. Plaintiff's alleged statements to McCormick and the company's attorney could be reasonably construed as complaining about or opposing the alleged discriminatory policy of Defendant. Plaintiff's alleged statements in the meeting with his boss and the company's attorney could reasonably be considered as part of Defendant's investigation into the woman's

EEOC charge. As Defendant pointed out, if an individual explicitly or implicitly communicates to his employer a belief that its activity constitutes a form of employment discrimination that is covered by Title VII, the opposition clause may apply. Plaintiff's statements could reasonably be understood as complaints about alleged discrimination against another person.

Moreover, there are genuine issues of material fact as to whether there is a causal connection between Plaintiff's activity, if it was in fact protected, and Plaintiff's firing. Plaintiff contends that Defendant's only articulated reason for the action was "It is time for us to part company." The termination occurred in close proximity to the time of Plaintiff's statements concerning Defendant's alleged discriminatory policy. There are genuine issues of material fact as to whether Plaintiff's performance as a General Manager was satisfactory. Plaintiff contends that his comments to McCormick led to his being fired, and Defendant contends otherwise.

For these reasons, Defendant's Motion for Summary Judgment as to Plaintiff's Title VII retaliation claim is denied.

## CONCLUSION

As stated herein, Defendant's Motion for Summary Judgment (Docket No. 41) is GRANTED in part and DENIED in part. Plaintiff's claims for common law retaliatory discharge and violations of the TPPA are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE